IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kenneth Rivera,<br><br>Plaintiff,<br><br>v.<br><br>South Carolina Department of Corrections,<br><br>Defendant. | C/A No.: 8:21-cv-1690-SAL-JDA<br><br><br>**ORDER** |

This matter is before the court for review of the June 10, 2021 Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 9.]

In the underlying action Plaintiff, proceeding *pro se*, filed suit in the Court of Common Pleas in Richland County, South Carolina asserting a claim that the South Carolina Department of Corrections "violated [his] rights and constituted [sic] Eighth Amendment right to be free from negligence and deliberate indifferent [sic] to [his] medical needs." [ECF No. 1-1, pp. 5–6.] However, the Magistrate Judge determined this court lacks jurisdiction over his claims "[b]ecause the Court construes Plaintiff's Complaint to assert claims only under the [South Carolina Tort Claims Act]" and does not construe it to allege a cause of action under 42 U.S.C. § 1983. [ECF No. 9, p. 6.] Accordingly, the Magistrate Judge recommended this court remand Plaintiff's suit back to the Court of Common Pleas in Richland County. *Id.*

Defendant filed an objection to the Report and Recommendation. [ECF No. 9.] Thus, this matter is ripe for ruling. For the reasons outlined below, the court accepts and rejects the

1

Recommendation in part and refers this case back to the United States Magistrate Judge with further instructions.

## BACKGROUND

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter. *See* [ECF No. 9.] This court incorporates those facts and standards without a recitation.[1]

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 2017 WL 6345402, at *5 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from

---

[1] Defendant did not specifically object to the Magistrate Judge's recitation of the factual background or legal standards.

the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 U.S. Dist. LEXIS 175597, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 U.S. Dist. LEXIS 15489, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## DISCUSSION

Defendant specifically objects to the Magistrate Judge's determination that Plaintiff failed to raise a federal question in his Complaint. According to Defendant, Plaintiff was not required to expressly plead a claim under 42 U.S.C. § 1983 in order to raise a federal claim. [ECF No. 12, p. 2.] Further, Defendant points to paragraph 15 of the Complaint and argues the express reference to the Eighth Amendment of the Constitution and the deliberate indifference standard sufficiently raises a federal question. *Id.* The court agrees.

"[N]o heightened pleading rule requires plaintiffs seeking damages for violations of constitutional rights to invoke § 1983 expressly in order to state a claim." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (citing *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993)). Thus, Plaintiff was not required to expressly bring his claim under § 1983 in order to raise a federal question. Plaintiff did, however, allege Defendant violated his Eighth Amendment rights by acting with deliberate indifference to his medical needs.

3

[ECF No. 1-1, pp. 5–6.] This specific invocation of the United States Constitution sufficiently sustains federal question jurisdiction allowing this court to adjudicate Plaintiff's claims. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the ***Constitution***, laws, or treaties of the United States.") (emphasis added). Therefore, the court has federal question jurisdiction over Plaintiff's action and declines to remand it back to the Court of Common Pleas for Richland County.

Although the court rejects the Recommendation on the jurisdictional grounds identified by the Magistrate Judge, it notes the likely merit to summary dismissal identified in the Report and Recommendation's second footnote. *See* [ECF No. 9, p. 6 n.2.] Accordingly, the court adopts that portion of the Report and Recommendation but refers the matter back to the Magistrate Judge for further screening to determine the appropriateness of summary dismissal for failing to bring suit against a non-suable person under § 1983.

## CONCLUSION

Having reviewed the Report and Recommendation, the objections, and the record before this court, and for the reasons set forth above, the court rejects and accepts the Report, ECF No. 9, in part and declines to remand Plaintiff's suit. Accordingly, the court retains jurisdiction of this case and refers it back to the Magistrate Judge for further proceedings, including additional screening of whether Plaintiff fails to state a valid claim as indicated in the Report and Recommendation's second footnote.

**IT IS SO ORDERED.**

November 15, 2022  
Columbia, South Carolina

/s/Sherri A. Lydon  
Sherri A. Lydon  
United States District Judge